REQUESTED BY: Honorable Harold F. Sieck State Senator State Capitol Lincoln, NE 68509
Dear Senator Sieck:
By letter dated February 17, 1983, you asked whether LB 117, a bill which would amend Neb.Rev.Stat. § 9-307 of the Uniform Commercial Code, would allow a full-time farmer who purchased a `piece of machinery' from another full-time farmer to take the item of equipment free of a security interest.
U.C.C. § 9-307(1), as it presently reads, and as it would read should LB 117 pass in the form which we have in front of us, does not provide for a buyer to take free of a security interest in every case. There are limitations on the basis of who the buyer is, what he is buying, how much he actually knows about the provisions of the security interest, who the seller is, and who created the security interest in the property. We assume that you have made your inquiry with an understanding of most of the limitations and that you are primarily interested in the limitations relating to the identities of the buyer and seller. We also assume that when you refer to a `piece of machinery' you are referring to an item that would qualify as farm equipment which, incidentally is not defined in the Code. (Is a pick-up used in farming operations `farm equipment?')
LB 117, insofar as it is relevant to our discussion, provides:
 A buyer in ordinary course of business (subsection (9) of Section 1-201) including a person buying farm products or farm equipment from a person engaged in farming operations takes free of a security interest. . . .
This language is somewhat confusing because it appears to indicate that a person buying farm equipment from a person engaged in farming operations fits within the definition of a buyer in ordinary course of business. However, a `buyer in ordinary course of business' is `a person who in good faith and without knowledge that the sale to him is in violation of the ownership rights or security interest of a third party in the goods buys in ordinary course from the personin the business of selling goods of that kind but does not include a pawn broker.' (Emphasis added). U.C.C. § 1-201(9). A person engaged in farming operations would generally be understood to mean a farmer. It also is generally understood that a farmer is not one who is in the business of selling farm equipment. Consequently, it does not seem to be consistent to say that a person who buys farm equipment from a farmer is one who has bought goods from a person in the business of selling goods of that kind.
Because of the inconsistency an argument could be made that one who buys farm equipment from a farmer would only take free of a security interest in such equipment if the farmer was also a dealer in farm equipment or, alternatively, if the farmer-seller had a significant volume of turnover in the same type of farm equipment.
However, it is probable that the word `including,' which would be added to Neb.Rev.Stat. § 9-307 by LB 117 would be read as an `and' in order to harmonize the seeming inconsistency. This interpretation would result in a secured party not being permitted to enforce a security interest in farm equipment after the property was sold by the farmer who had created the security interest. Whether the enforcement of the security interest will be foreclosed does not depend upon the identity of the buyer. The proposed does not depend upon the identity of the buyer. The proposed or a buyer who is a farm implement dealer.
We would also point out that reading the word `including' as an `and' may result in the requirements that a buyer be in good faith and without knowledge that the sale to him is in violation of a security interest of a third party, which requirements are written into the definition of `buyer in ordinary course of business,' being inapplicable to a buyer of farm products or farm equipment. In other words, any person buying farm products or farm equipment from a farmer, even though the buyer was aware that the sale was in violation of a secured party's interest in the property, may be able to take the property free of that interest.
Very truly yours, PAUL L. DOUGLAS Attorney General Mark D. Starr Assistant Attorney General